JUDGE COFER
delivered the opinion oe the court.
This suit was instituted by certain stockholders of the Mechanics Bank against the late cashier of that institution and the sureties on his bond as such, to recover an alleged balance unaccounted for by him of more than $70,000, which it was alleged the president and directors failed and refused to require him to account for.
The plaintiffs prayed for the appointment of a receiver, and that he be required to investigate the condition of the bank and to collect its assets; that the cashier and his sureties be compelled to account for the balance unaccounted for, that *750 the affairs of the bank be closed, and the surplus assets distributed among the shareholders.
Answers were filed, the cause heard on the merits, and the petition dismissed. From that judgment the plaintiffs appealed to this court. The judgment was reversed, and the cause remanded with “ instructions to cause the action to be prosecuted in the name of the receiver, and that he be allowed to amend the prayer for relief” so as to authorize a judgment in his name.
Upon the return of the cause the court below ordered that it “ be prosecuted in the name of R C. McCorkle, the receiver, for the benefit of all interested,” and thereupon the receiver filed an amendment to the prayer of the petition and asked for judgment against the cashier and his sureties.
After some further preparation the cause was again heard, and judgment rendered against the cashier for the sum of $72,170.33, and against his sureties for the sum of $30,000, the penalty named in the bond. From that judgment the sureties prosecute this appeal.
The cause was heard at a former term, and the judgment affirmed, but a rehearing was granted and the cause reargued.
The bond is in the usual form of penal bonds, and contains the following conditions, viz: “ Now if the said cashier shall faithfully, and to the best of his ability, perform the duties of said office in such manner as the charter and by-laws of said bank shall provide, and pay over and apply all moneys of the bank which shall come to his hands or possession, or be intrusted to his care, in such manner as the president and directors shall order or require, then the above obligation to be void and of no effect; otherwise, to be in full force and effect.”
The bond was set forth in the petition in hceo verba, and it was alleged that the president and directors had failed and refused to order or require the cashier to account for, apply, or pay over the balance alleged to be unaccounted for.
*751 The appellants contend that they, as sureties, are only liable upon the very terms of their undertaking, and that as it appears from the petition that the president and directors not only have not ordered and required their principal to account for his alleged delinquency, but have refused to do so, they are not liable therefor.
The appellees contend, and we intimated in 'the former opinion on this appeal that the phrase “as the president and directors shall order or require” does not restrict, but rather enlarges, the liabilities of the sureties; and the appellees also contend that this question is not now open for consideration, that by the reversal on the former appeal that question became res judieata.
In this latter position we think they are correct, and it is therefore unnecessary to consider the former.
With a view to the convenient dispatch of business, the speedy settlement of disputes, and the repose of society, courts long since established the rule that when a matter is once put in issue and is passed upon by a court of competent jurisdiction, it can not be again litigated between the same parties so long as the former decision continues in force.
The appellants contend, however, that the question as to the proper construction of the bond and the sufficiency of the petition was not put in issue on the former appeal and was not decided.
That it was not discussed in the opinion then delivered, or in terms decided, is true, but in our opinion it was directly in issue and was actually, though not expressly, decided.’
If the appellants’ counsel be correct in their construction of the bond, and the sureties can only be made liable after their principal has been “ ordered or required ” by the president and directors to account, and has refused or failed to do so, the petition not only failed to show a cause of action against them, but it showed affirmatively that no cause of action existed.
*752 If such was the fact it is not necessary to say that the judgment dismissing the petition was correct, and shóuld have been affirmed on the former appeal.
This court, however, without adverting to the question of the sufficiency of the petition, reversed the judgment and remanded the cause with certain specific directions to the court below, and for “ further proceedings consistent with the opinion.”
The defense relied upon was, that the bank had been forcibly robbed of the sum for which it was sought to hold the cashier responsible. The opinion of this court shows that the evidence conduced to prove that if there was such a robbery it resulted from the negligence of the cashier, and the question of the liability of the sureties in the event that such was the fact was discussed, and a rule for the guidance of the court below on that branch of the case was laid down, thus showing that the court regarded the questions in the case as questions of fact, and contemplated a judgment against the cashier and his sureties in the event it should turn out that there was in fact no robbery, or if there was, that it was rendered possible by the negligence or incapacity of the cashier.
If the plaintiffs’ petition was defective, as now contended, it was not only unnecessary but improper to consider these questions of fact or to reverse the judgment.
Kennedy & Hynes v. Meredith, 4 Mon. 408, was three times in this court. The first appeal was by Kennedy & Hynes, 3 Bibb, 465; the second by Meredith, Litt. Sel. Cas. 516. On the third appeal it was insisted upon as ground for reversal that the court had erred in refusing to allow two persons named in the bill as defendants, to file answers and set up an additional defense. The ground upon which they based their applications was that they had not before been parties, or if they had, they had been made parties only by an irregular publication. The record showed that the points re *753 lied upon were made on the trial of the case before the second appeal, and were overruled on the ground that the record showed that these persons had appeared before, and were well known as proper parties, and that decision was excepted to.
In disposing of that question the court said: “.On the reversal of the cause, on the appeal of Meredith, the same questions directly presented themselves in his road in this court, as reasons why he should not have a decision on the merits. And although each of these points was not discussed and settled expressly in that opinion, yet each must be considered as conclusively settled as if they had been made the subject of express adjudication.”
This seems conclusive of the case under consideration.
If the petition showed on its face that no cause of action existed,' that was an objection which presented itself directly in the way as a reason why the plaintiffs were not entitled to a reversal of the judgment dismissing the petition, and must be deemed equal to an express decision that the petition was sufficient. See also to the same effect Meredith v. Clarke, Sneed, 189; Mason v. Mason, 5 Bush, 193.
That the present appellants were appellees on the former appeal, and failed to present to the court the grounds now urged, does not affect the question. It was as much their interest and duty to present grounds and reasons upon which that judgment could be affirmed as it is now to present grounds and reasons upon which the present judgment may be reversed; they were as much bound to present then all available grounds for an affirmance as they are to present now all available grounds for a reversal. The question as to the sufficiency of the petition was presented in the record then, and if the ground assumed by counsel be -tenable, an affirmance might have been secured on the identical ground upon which a reversal is asked now.
The duty of parties in courts of original jurisdiction is *754 thus correctly stated in Henderson v. Henderson, 3 Hare, 115: .“’Where a given matter becomes the subject of litigation in and adjudication by a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as part of the subject in contest, but which was not brought forward only because they have, from negligence, inadvertence, or even accident, omitted a part of their case. The plea of res judicata applies not only to the point upon which the court was required by the parties * to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation,, and which the parties, exercising reasonable diligence, might have brought forward at the time.”
The learned court speak of the parties, both plaintiff and defendant, and add, “A party can no more split up defenses than indivisible demands, and present them by piecemeal in successive suits growing out of the same transaction.”
This duty of the parties in presenting their complaint and defense in the courts of original jurisdiction is in appellate courts devolved on counsel, and no reason is perceived which will allow an appellee to omit to present an available defect in his adversary’s ease as ground for affirmance, and afterward to urge that same defect as ground for reversing a judgment against him, which would not equally allow an appellant who had on a first appeal overlooked some fatal error to prosecute a second appeal. This would render litigation in appellate courts practically interminable.
Season and authority alike demand that if on a first appeal there is a question in the record which, if decided in favor of the appellee, would entitle him to an affirmance of the judgment in his favor, it is his duty to present it to the court, when it will become the duty of the court to decide it, and if the *755 appellee fails to present the question, or the court fails to decide it, and reverses the judgment, on a subsequent appeal that question must be treated as having been decided adversely to the appellee in the first case, whether he be appellant or appellee on the subsequent appeal.
On other points in the case the opinion heretofore delivered is deemed sufficient and the judgment must be affirmed.