JOHN B. WILGUS *v.* TRUSTEES OF CINCINNATI SOUTHERN R. CO.,
ET AL.

**Subscription Contract.**

> Where one subscribes to a fund with certain conditions attached to his subscription, and afterward signs a substitute subscription to take its place, which has no conditions attached to it, the conditions upon which the first subscription is made do not become a part of the second subscription.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 30, 1880.

OPINION BY JUDGE HINES:

The questions mainly discussed by counsel have been determined in favor of appellees in the case of *Berryman v. Cincinnati Southern R. Co.,* 14 Bush 755. There appears to be nothing in the case of exclusive equitable cognizance that would entitle the appellant to a transfer of the case to equity, and no defense presented of which the appellant might not get the full benefit in an action of law.

The court properly overruled the exception to the deposition of Tatem. The certificate of the officer, as well as the body of the deposition, shows that it is the deposition of Tatem. A compliance, as in this case, with the provision of Sec. 582 of the code controls the caption. There was no error in refusing testimony to the effect that appellant had previously refused to make subscription upon the terms embraced in the paper sued upon. That paper sets forth the terms or conditions upon which the subscription was made, and shows that it was in substitution of the first subscription, and can be impeached only for fraud or mistake. There is no evidence of any fraud whatever, and if it be conceded that appellant signed the paper sued upon under the mistaken belief that the conditions appended to the first subscription were embraced in and qualified the second, appellant is estopped to set up that fact as against appellees. The person who obtained the subscription was in no sense the agent of the appellees, but as between appellees and appellant he was the agent of the appellant; though, when the subscription was tendered, the construction to be applied is the same as if the appellant had delivered the subscription in person without notification of any conditions other than as expressed in the writing. Obligations having been incurred and money expended by appellees on the faith of the representations contained in the paper sued on, it is too late for appellant to say that he did not intend what its language clearly imports.

Judgment *affirmed.*

*Huston & Mulligan, D. G. Falconer, for appellant.*

*Beck & Thornton, C. B. Simrall, for appellees.*