*W. S. Roberts, for appellant.*

---

R. C. BURNS *v*. M. A. STEPHENSON ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—754.]

**Res Adjudicata as a Defense.**

Where a suit is brought on two notes and the same defense was made to both of them and the second note was not due and for that reason alone the cause was reversed, but in that case the defendant pleaded and introduced proof on his set-off and counterclaim and the court decided against the validity of such set-off it amounts to an adjudication and is res adjudicata.

APPEAL FROM BOYD CIRCUIT COURT.

April 1, 1882.

OPINION BY JUDGE LEWIS:

The same defense was made to the first and second notes and is sought again to be pleaded to the second note which was not due at the former hearing and for that reason alone the cause was reversed.  Yet the court decided against the validity and sufficiency of the appellant's set-off and counterclaim which he interposed as a defense to the action on the notes by the assignee.

There is nothing either in the pleadings or proof which sufficiently shows that the appellant was lulled, deceived or surprised by the conduct of the appellee on the former trial, nor does it

appear that the appellee suppressed any of the facts which appellant might not have known by the exercise of that diligence which should be used by each party in the preparation of his case before going to trial.

Treating the supplemental pleading as a petition for a new trial we do not think the facts authorize one to be granted. As the matters in issue, according to *Davis v. McCorkle,* 14 Bush (Ky.) 746, become by the former opinion of this court res adjudicata, the judgment must be *affirmed.* The irregularities complained of do not prejudice the appellant's rights.

*R. C. Burns, for appellant.*

*L. T. Moore, for appellees.*

[Cited, *Bean v. Meguiar,* 20 Ky. L. 885, 47 S. W. 771; *Hardwicke v. Young,* 110 Ky. 507, 22 Ky. L. 1906, 62 S. W. 10.]