### ALFRED STEPHENS *v.* J. J. CORNELISON.

[Abstract Kentucky Law Reporter, Vol. 4—892.]

**Res Adjudicata.**

 Where, in an action between parties on one of a series of votes secured by a mortgage, defendant's right to a homestead is put in issue and determined, he can not in a suit against him on a second note again have determined his claim of a homestead in the same land. The former decision amounts to res adjudicata.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

April 17, 1883.

OPINION BY JUDGE PRYOR:

The question raised in this case is res adjudicata. This is but a continuation of the former proceedings had in the court between the same parties and with reference to one of the same notes that were

executed and secured by the mortgage of P. A. Howard. *Stephens v. Cornelison,* 9 Ky. Opin. 811. After the judgment on the first note and sale under it, exceptions were filed in the court below upon the ground that the appellant was entitled to a homestead and the chancellor had no power to sell it. The appellant was a housekeeper with a family residing on the land, but the appellee insisted in this court that he had waived his statutory right by failing to assert it before the sale was made; but this court held that this objection to the claim of homestead was unavailing, and cited *Wing v. Hayden,* 10 Bush (Ky.) 276. The appellee also insisted that the debt secured by the mortgage existed prior to the 1st of June, 1866, and therefore the appellant was not entitled. This court held that such a position was not tenable and reversed the judgment. On the return of the cause, the mortgage to Howard having been executed to secure several notes for the same original debt, and Howard having transferred them to the appellee, the latter was attempting to enforce the collection of the other notes by the foreclosure of the mortgage; and the case on the first note, having been sent back by this court under its mandate, was consolidated with the action on the other notes, for the security of which the mortgage was executed. The appellee undertakes to raise the same question, when the convictions that had already been adjudged against him, with the additional facts, alleged that he had abandoned the homestead, and further that after he had been discharged in bankruptcy and before his purchase of the land he promised to pay these debts. There is no reason why these objections were not made on the former hearing, and if the appellee is permitted to raise the question in every instance as the notes mature there will be no end to the controversy. The appellant was indebted to Howard in a considerable sum of money from the payment of which he was discharged by the bankrupt court. He after this promised to pay the debt, executed these several notes and gave the mortgage to secure them. If the appellant, therefore, is entitled to a homestead as against one of the notes he is as against all.

There is no pretense that any act has been done by the appellant since the decision of this court by which he has waived his right. Every defense the appellee is now making against appellant's claim existed prior to and at the time the judgment was reversed and his right to a homestead determined. Such being the case it was the duty of the appellee to present every defense existing when the ques-

tion was raised; and failing to do so, it is too late after the return of the cause to offer other defenses that could have been made when the case was originally heard. *Davis v. McCorkle,* 14 Bush (Ky.) 746.

The judgment therefore denying appellant a homestead is *reversed* and cause remanded with directions to have the homestead allotted him.

*W. H. Holt, for appellant.*
*Reid & Stone, for appellee.*