## New Bell Jellico Coal Company v. Sowders.

### (Decided January 29, 1915.)

### Appeal from Bell Circuit Court.

1. **Appeal—Opinion—Questions Determined.**—When an opinion is rendered in a case in the Court of Appeals, it is considered to be a determination of every question made in such case, and prop-

erly presented to the court for adjudication, whether the court in its opinion adverts to such question or not.

2. Appeal—Verdict—Interference With.—The court is not authorized to interfere with the verdict of a jury on account of the verdict being excessive, unless it strikes the mind at first blush as having been caused by passion or prejudice, and glaringly disproportionate to the injury received.

WM. LOW and LOGAN & BABBAGE for appellant.

B. B. GOLDEN, W. R. LAY and BLACK, BLACK & OWENS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is the second appeal by the appellant in this case. At the first trial the jury returned a verdict for the appellee, and a judgment was rendered by the court below upon the verdict against the appellant. The appellant prayed an appeal to this court, and, upon a hearing of that appeal, the judgment below was reversed and the case remanded for a new trial. The judgment of this court upon the former appeal may be found in 154 Ky., 101, to which reference is made for a statement of the facts of the case.

On the former trial, as it appears from the record of the appeal from the judgment on the first trial, appellant, at the close of the evidence for the appellee, moved the court to give an instruction to the jury to find for appellant, which motion was overruled. The court also upon that trial gave instructions which are numbered in the record 1, 2, 3, 5 upon the motion of the appellee, and instruction number four was given by the court upon the motion of the appellant. The court also upon the first trial of the case gave instruction number six upon its own motion, but this instruction related only as to how the verdict should be signed. These were all of the instructions given by the court upon that trial.

Upon the former appeal this court was of the opinion that instruction number five was erroneous, and by its judgment indicated what the instruction should be. No complaint was made upon that trial of instruction number four, as it had been given at the instance and request of the appellant. The error in instruction number five was the only error insisted upon by the appellant, which, by the opinion of this court, was determined to be prejudicial to the appellant.

Upon the trial of the cause after it had been remanded to the court below, at the close of the testimony, the appellant again moved the court to direct the jury to find a verdict for it, which motion was overruled, and the court gave the same instructions to the jury as it did on the former trial, so far as instructions number one, two, three, four and six, and gave instruction number five as directed by this court in its judgment upon the appeal heretofore. This trial resulted in a verdict of the jury in favor of the appellee in the sum of $7,334.00, and upon this verdict the court rendered a judgment against appellant. Appellant filed grounds and moved the court to set aside the verdict and judgment, and to grant it a new trial, which motion was overruled and exceptions taken, and an appeal prayed to this court. Upon this trial all of the instructions, including the one which had been given on the former trial at the instance of appellant, were given upon the motion of the appellee, and to all of which the appellant objected and excepted.

In its grounds for a new trial the appellant assigned as errors the rulings of the court upon the admission of testimony and rejection of testimony; and the refusal of the court to instruct the jury to peremptorily find for the defendant; and the giving of instructions one, three, four, and five; and the refusal of the court to give an instruction offered by appellant; and because the verdict was against the weight of the evidence, and excessive; but its counsel here only insists that the court erred to its prejudice in the admission of incompetent evidence against it upon the trial, and in the giving of instruction number four, and that the verdict of the jury was excessive.

So far as the refusal of the trial court to peremptorily instruct the jury to find for the defendant, and so far as the giving of instructions one, two, three, and four are concerned, they are matters *res adjudicata.* L. & N. R. R. Co. v. Henen, 16 R., 31. Upon the first trial of the case in the circuit court the appellant objected to the giving of instructions one, two, three, and five, as stated above, and saved exception to the rulings of the court overruling his objections, and in his grounds for a new trial he assigned the giving of instructions one, two, three, and five as errors, and also the refusal of the court to grant a peremptory instruction to find for it was assigned as error.

The appellee upon the first trial objected to the giving of instruction number four, now complained of by the appellant, and, to the ruling of the court giving the instruction, saved an exception.

This court said in the case of Dinkelspiel v. Central Kentucky Asylum for Insane, et al., 73 S. W., 771:

"That all questions raised on the former appeal, and that were in the record, and might have been presented, must be construed as having been adjudicated." That was a case which had been before this court upon a former appeal, as this one.

In the case of Williams v. Rogers, 14 Bush, 776, upon a second appeal to this court, the appellant undertook to raise the question of the sufficiency of the petition, and this court said:

"The question of the sufficiency of the petition can not be inquired into, as this was necessarily passed upon on the first appeal; although not adverted to in the opinion, appellant is precluded from again raising the question."

On the former appeal of this case the judgment was reversed and cause remanded for a new trial consistent with the opinion.

In the case of Davis v. McCorkle, 77 Ky., 746, this court said: "With a view to the convenient dispatch of business, the speedy settlement of disputes, and the repose of society, courts long since established the rule that when a matter is once put in issue, and is passed upon by a court of competent jurisdiction, it cannot be again litigated by the same parties so long as the former decision continues in force." And this rule applies not only to the point upon which the court was asked to form an opinion and pronounce judgment, but to every question in the record properly brought before the court.

The evidence upon the last trial of this case in the circuit court is substantially the same as the evidence upon the first trial. From the reasons given above, it seems that the appellant is now precluded from again bringing into controversy the propriety of the ruling of the court below in overruling its motion for a peremptory instruction to the jury to find for it, and also the sufficiency and propriety of the giving of instructions one, two, three, and four. The defect in instruction number five, on account of which the first judgment in this case was reversed on the first appeal, was given on

the last trial as directed in the opinion of this court on the former appeal. For the reasons stated above the appellant cannot now be heard to complain of the giving of instruction number four, since it was given by the court on the first trial of this case, upon the motion of the appellant, and over the objection of the appellee, and for the further reason that it was before this court on the former appeal, and, although not directly adverted to in the opinion, it must be considered as having been approved by the court; besides, taking instructions number four and number five together, we do not think that the jury could have been misled as to the proper degree of care that was necessary to be exercised by the appellee under the circumstances of this case.

The appellant on the trial of this case below, from the result of which the present appeal is now pending, offered and moved the court to give an instruction denominated "X" in the transcript, and complaint is made that the court was in error by the failure to give that instruction. This same instruction was offered and refused on the first trial of this case, as appears from the transcript of that trial, and is, upon this appeal, to be considered a matter *res adjudicata,* and appellant is precluded from complaint in regard to it now.

The appellant complains that, over his objection, incompetent testimony was permitted by the court to go to the jury, and he did not have a fair trial upon that account. The testimony complained of was certain statements given by Dr. John G. Tye and Dr. Tilman Ramsey for the appellee. As far as relates to the testimony of Dr. John G. Tye, it was given by a deposition and was the same exactly upon each trial. The same objection was made to it upon the former trial as upon the latter, and the opinion of this court on the former appeal precludes the appellant from complaining of it now. These witnesses are two physicians, both of whom had examined the body of the appellee, and were asked hypothetical questions as expert witnesses upon each of the trials. The complaint made by appellant is, that these questions were so framed, and answers were so given, as made it appear that the answers were not opinions, but were evidence tending to show that the actual injuries complained of by appellee were facts, and as to whether or not the things complained of by ap-

pellee were facts or not, was a question in issue before the jury. A careful examination of the evidence and answers made by these witnesses shows very clearly what part of their testimony related to the matters within their personal knowledge and what portions of it were opinions given by them as experts upon the hypothetical questions propounded to them. We do not see how the jury could have been misled by anything said by either of them indicating that they stated as facts anything except matters which were within their personal knowledge. The matters about which hypothetical questions were propounded to them were matters about which it was competent to propound such hypothetical questions, and as they qualified themselves as experts upon those subjects, the opinions given were competent to be heard by the jury.

The appellant makes further complaint that the appellee was allowed to introduce witnesses in rebuttal who gave evidence in chief, over the objection of the appellant, and that this was prejudicial to its rights. An examination of this evidence, however, shows that appellant's contention upon that subject is entirely without merit. The evidence complained of, considering the evidence offered upon the trial by the appellant, was purely in rebuttal, and while some statements made by these witnesses was a matter which might have been properly given as evidence in chief, the admission and rejection of this evidence was a thing within the sound discretion of the trial court, and, in the case at bar, it does not appear to us that the trial court abused its discretion in that regard.

The verdict for $7,334.00 in favor of appellee is complained of as being excessive, but we are not able to say that it is in excess of the damages sustained by him.

In the case of L. & N. R. R. Co. v. Mitchell, 87 Ky., 327, in which case it was complained that the amount of damages allowed was excessive, this court said:

"The amount allowed seems large. It is so. The fact, however, that it appears high to us does not authorize a reversal. We are not acting as a jury, and it is only when it is glaringly excessive, and appears at first blush to have resulted from passion or prejudice, that we can interfere. The power should be sparingly exercised, and only in extreme cases. This is the policy

of the law, and reasonably and necessarily so. It is difficult, indeed impossible, to measure with mathematical certainty the extent of some of the elements of compensatory damages. The law has confided the duty to the opinion of the jury as the best means of arriving at their extent even approximately, and every verdict should be regarded, *prima facie*, as the result of the exercise of an honest judgment upon their part.''

The rule adopted in this jurisdiction is, that a new trial will not be granted because of excessive damages unless the damages allowed are so great and disproportionate to the injury received as to strike the mind at first blush as having resulted from passion or prejudice on the part of the jury.

Sub-section 4, of Section 340, of the Civil Code, restricts the court from interfering with the verdict of the jury on account of the amount of the damages allowed, to such cases wherein it appears that the damages allowed were given under the influence of passion or prejudice.

There was evidence before the jury which conduced to show that the piece of slate, which fell from the roof of the mine, a distance of six or seven feet, was probably five feet in length, two and one-half feet in width, six to eight inches thick in the center, and sloping to a feather edge at the sides, and that from the force of the blow upon appellee's back he was crushed down to the ground, and had to be assisted out of the mine by two men, one holding him under either arm, and that the physician who was immediately called to see him found several sections of his backbone projecting, and thought it necessary to give him the heroic treatment of having two men suspend him, one holding him under either arm, and one pulling down by his feet for the purpose of causing the sections of the backbone to readjust themselves; and a further effort was made by the physician to accomplish this purpose by removing the clothing of appellee and laying him upon a cot, face downwards, and the surgeon placed his knee against the projections in the backbone, and, taking the appellee by the shoulders, pulled him upwards, at the same time pressing with his knee upon the projecting sections of the backbone. There is also evidence conducing to show that the spinis processes of this section of the backbone were broken down and that the muscles of the back on either side of

the backbone have become rigid and hardened from this injury; that the lower limbs of appellee had become benumbed to some extent, which was attributed to a pressure upon the spinal cord, resulting from this injury.

There was also evidence conducing to show that the weight of appellee had been reduced by reason of this injury from nearly one hundred and fifty pounds, at the time of the injury, to one hundred and twenty-four pounds, at the time of the trial; that he suffered a great deal from the disarrangement of the proper action of his kidneys and bowels, and other things he suffered, which his evidence attributed to the result of the injury, and, among other things, that previous to and at the time of the injury he was a stout man, and able to earn some four or five dollars per day at his occupation as a miner, and that since that time he was entirely incapacitated from doing any kind of physical labor, and was stooped in his person, and incapacitated from riding horseback, all of which things he attributed, and his evidence conduces to show, were the direct and proximate result of the injury received by him.

While there was evidence from appellant contradicting this evidence for the appellee in a good many details, the jury heard the evidence and were the judges of its credibility, and, besides, the appellee, with his clothing removed, was exhibited to the jury, who had a view of his person where the injury was received upon his body. If the jury believed the evidence for the plaintiff, they had a sufficiency upon which they could base their verdict as to all of the questions in the case, and we see no reason to indicate that their verdict, as to the amount of it, was the result of passion or prejudice, and at first blush it is not glaringly disproportionate to the injury, according to the evidence in this case.

Upon the whole case, we are of the opinion that the appellant had a fair trial, and the judgment is affirmed.