## Loda Carter, By Next Friend, Edgar Riffe v. Carter.

(Decided October 17, 1924.)

### Appeal from Lawrence Circuit Court.

1. Judgment—Motion to Vacate Held Defective as Failing to State Ground.—Motion to vacate judgment held defective as failing to state any ground or point out any error.

2. Insane Persons—Agreed Judgment Held Not to be Set Aside for Want of Statutory Report in Absence of Evidence of Plaintiff's Insanity—"Clerical Misprision."—Bare allegation in petition by next friend, that plaintiff was of unsound mind, is not even sufficient to create presumption of unsoundness of mind, and there being nothing else in record or evidence showing insanity, agreed judgment will not be set aside, after expiration of term, as clerical misprision, within Civil Code of Practice, sections 517-519, because no guardian, committee, or guardian ad litem had filed report stating that he was unable to make defense, as required by section 36, subsection 3.

WAUGH & HOWERTON for appellant.

CAIN & THOMPSON and A. O. CARTER for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

By this equitable action instituted November 1, 1920, in the Lawrence circuit court the plaintiff, Edgar Riffe, as next friend of Loda Carter, sought the cancellation of a deed which the latter had executed to the defendant, Roy Carter, on July 17, 1920, conveying her farm to him for the recited consideration of $1,000.00.

As grounds for the cancellation of the deed the plaintiff alleged that Loda Carter was a person of unsound mind and incompetent to manage her property; that the purchase price was wholly inadequate and no part of it had been paid, although the deed recited that it had all been paid and that she had been induced to execute the conveyance by defendant's falsely and fraudulently representing to her that some one else would get the property and she would lose it unless she conveyed it to him. Thereafter on November 29, 1920, plaintiff filed a second action against the same defendant in which he alleged that the defendant had wrongfully and without right cut and removed certain timber, crops and personal property from the farm referred to in the first suit, and for this he asked damages in the sum of $1,500.00 and an attachment against the property of the defendant.

The defendant was promptly summoned in both actions, but no further steps seem to have been taken in either until February 25, 1921, when the court rendered an agreed judgment which, in so far as material, is as follows:

"This cause coming on for trial and all parties being present, by consent, it is adjudged that the deed heretofore executed by Loda Carter conveying the land in question, and described in the petition, to Roy Carter, be, and the same is now cancelled and held for naught. It is further adjudged that this court's commissioner, Clyde L. Miller, execute a deed, conveying the land described in the petition, together with all the right, title and interest of Loda Carter to the defendant, Roy Carter. . . . . It is further agreed that Roy Carter shall pay as purchase money the sum of $4,000.00, of which sum $1,000.00 has been paid, the remaining $3,000.00 to be paid as follows: $1,000.00 August 14, 1922, $1,000.00 December 1, 1922, and the remaining $1,000.00 December 1, 1923."

The record shows that by oversight of the clerk this judgment was not entered on the order book on February 25, 1921, but on April 4, 1921, by a *nunc pro tunc* order, it was entered as of the former date. Thereafter the two actions which had theretofore been consolidated were filed away.

Some time after the institution of these actions Loda Carter married L. L. Barker, and she appears to have been married to him at the time the judgment was entered and they, together with Edgar Riffe, as next friend, and the defendant, Roy Carter, all consented to and agreed upon the judgment as entered.

On June 9, 1922, the plaintiff filed a motion requesting that L. L. Baker be substituted as next friend in the place of Edgar Riffe, and Baker's affidavit was filed in support of the motion. This motion was never passed on by the court. On the same day a motion to vacate and set aside part of the judgment of February 25, 1921, was filed, and since it is the basis of this appeal, we shall copy it in so far as material:

> "Comes the plaintiff, pursuant to notice hereto attached, and moves the court to set aside so much of the judgment entered in the above styled case entered at the April rule day, 1921, as of February 25, 1921, as ordered Clyde L. Miller, master commissioner of said court, to make and execute a deed for plaintiff's land herein described to defendant, Roy Carter, and as recited that Roy Carter shall pay the sum of $4,000.00 therefor and to set aside all of said judgment ordering a sale of said land and to set aside the orders made on the same day and date producing, filing and signing a deed for plaintiff's land to defendant, Roy Carter."

Plaintiff further moved the court to redocket that action and also the one to recover damages for the timber cut and removed from the land, and "to place each of said causes or the said consolidated cause on the docket for a full determination of the rights of the parties herein."

The court entered an order overruling the motion and refusing to modify or vacate the judgment, and from that order the plaintiff prosecutes this appeal.

The motion itself is defective in that it fails to state upon what ground it is based or point out any alleged error in the judgment, but, waiving that, we shall con-

sider the ground presented and argued in brief of counsel since that is the only complaint urged upon this appeal. Summarizing that argument, it is contended that Loda Carter was a person of unsound mind and that therefore under section 36, subsection 3 of the Civil Code no judgment could be rendered against her until her guardian, committee or guardian *ad litem* had filed a report stating that after a careful examination of the case he was unable to make a defense. Since no such report was filed in the present case, it is insisted that entering the judgment was a clerical misprision as defined by section 517, subsection 2 of the Code, which provides that it shall be deemed a clerical misprision to render judgment against a person of unsound mind until a defense or report is filed pursuant to section 36, as above set out. It is therefore argued by the plaintiff that as section 519 of the Code requires proceedings to correct clerical misprisions to be by motion and section 518, subsection 3, authorizes the court in which a judgment has been rendered to vacate or modify it, for clerical misprision, after the expiration of the term at which it was rendered, the plaintiff's motion was both necessary and proper and should have been sustained.

The fallacy of this argument and likewise of plaintiff's sole complaint lies in the fact that it is wholly founded upon the false assumption that Loda Carter was a person of unsound mind. Had the record shown that fact the procedure outlined might have been proper, but certainly, in the absence of such fact, there was no basis for the motion. Manifestly, the record fails to show that she was of unsound mind as she had never been judicially declared so, and no evidence was offered on the subject nor was any such issue raised by the pleadings or parties. The only reference to her mental condition is the bare allegation in the petition that she was of unsound mind. This unsupported allegation made by the next friend is not even sufficient to create a presumption of unsoundness of mind. In the case of Howard v. Howard, 87 Ky. 616, this court said:

"The law presumes all persons to be of sound mind, and if adults, capable of managing their own affairs; and the mere fact that it is alleged by a person styling himself next friend, that a particular individual, who is an adult, is of weak or unsound mind, and not capable of taking care of his own affairs, does not destroy that presumption."

Since Loda Carter was not of unsound mind the plaintiff could not attack the judgment· or seek to have it modified or vacated by motion made after the expiration of the term of court at whcih it was rendered, and the court, therefore, properly overruled the motion.

Wherefore the judgment is affirmed.