## Barker v. Carter et al.

(Decided Jan. 28, 1938.)

A. F. CHILDERS for appellant.

W. J. ROBERTS for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This, the second appeal of this case, is here prosecuted from a second judgment of the Lawrence circuit court, dismissing two suits filed by L. L. Barker, as the next friend and husband of Loda Barker (the one against the appellee, Roy Carter and the other against him and his coappellee, Tip Wheeler), praying for cancellation of all the transactions had between the parties in respect to the conveyance of Loda Barker's land to Carter and his conveyance of same to the coappellee, Tip Wheeler, upon the ground that same were invalid by reason of the alleged mental incompetency of the appellant, which was known to them when the conveyances were executed.

These two cases were upon their trial consolidated, heard together, and disposed of by the court in one judgment, dismissing them.

From that judgment this appeal is prosecuted.

In view of the conclusion we have reached that the decision of the question presented upon this appeal is controlled, as res adjudicata, by the decision of substan-

tially the same question made upon the first appeal, Loda Carter, by Next Friend, Edgar Riffe v. Carter, 205 Ky. 96, 265 S. W. 478, 479, we feel it needful to here give no more than such brief summary of the facts disclosed by the record as required to show that the decision of the court upon the first appeal is res adjudicata of the question here presented and attempted to be re-litigated.

The facts are, it appears, that in the year 1914, Mr. Landon Carter, a resident and farmer of Lawrence county, Ky., by his last will provided for the disposition upon his death of his estate between his three children (and certain grandchildren), whereby he evinced a special consideration and desire to protect the rights of his daughter, the appellant, Loda, in the property devised her, by the following provision of his will:

"My daughter, Loda, being incapacitated to conduct her own affairs, I want G. J. Carter and A. O. Carter to act as her committee to see after her and see that her interests are protected, and when they cease to act for her, it is my will that the court appoint a suitable and proper person to act as her committee."

Some while after the death of the father in 1915, and when Loda had then become of age, the land devised by his will to his children was ordered partitioned in a court proceeding, to which Loda was made a party in her own right and without suggesting any mental incapacity as claimed. Some 80 acres of her father's home place of some 300 acres were alloted and conveyed to her by the commissioners, which, it is undisputed, represented her fair share of the land.

In July, 1920, the appellant, Loda, being yet unmarried and about twenty-four years of age, she conveyed to her half-brother, Roy Carter, the land thus acquired by her "for and in consideration of the sum of One Thousand Dollars ($1000.00) cash in hand paid, the receipt of which is hereby acknowledged, and the further consideration to take care of and maintain the party of the first part if she desires to live with the party of the second part. * * *"

Soon after this, it appears that she became dissatisfied with the deed under which she had conveyed her

land inheritance to Roy and had her brother-in-law, Edgar Riffe, as her next friend, file a suit in equity in the Lawrence circuit court against him, seeking to have set aside the deed she had made him upon the ground of her alleged mental incompetency.

On November 29, 1920, this suit was followed by another action brought for her by Edgar Riffe, as her next friend, against the said Carter to recover $1,500 for his removal of certain crops, timber, and personalty from the lands she had by her deed of July 17, 1920, conveyed him.

At the February, 1921, term of the Lawrence circuit court, these two actions came on for trial.

At this time Loda had married L. L. Barker and they were both present in court, as were also their attorney and her cousins, G. J. and A. O. Carter, who by the terms of her father's will had been designated to act as Loda's committee and see after her and her interests.

Upon the trial of these two actions brought by the appellant against her brother, Roy Carter, it was proposed by his attorneys that the covenant recited in her deed of the land to him, providing, as a part of the consideration given for the land, that he was to take care of and maintain her if she desired to live with him, be eliminated, and that there be substituted therefor the agreement to pay Loda an additional $3,000 or a total of $4,000 for her farm, with the understanding that the money was to be expended in purchasing and providing her with a home elsewhere, the title to which was to be conveyed to a trustee for her.

This proposition appearing to all the parties and the court to be both fair and beneficial to the plaintiff, an agreed or consent judgment was rendered by the court, which, in so far as is here material, is as follows:

"This cause coming on for trial, and all parties being present by consent, it is adjudged that the deed heretofore executed by Loda Carter conveying the land in question, and described in the petition, to Roy Carter, be, and the same is now canceled and held for naught. It is further adjudged that this court's commissioner, Clyde L. Miller, execute a

deed, conveying the land described in the petition, together with all the right, title, and interest of Loda Carter to the defendant, Roy Carter. * * * It is further agreed that Roy Carter shall pay as purchase money the sum of $4,000, of which sum $1,000 has been paid, the remaining $3,000 to be paid as follows: $1,000, August 14, 1922, $1,000, December 1, 1922, and the remaining $1,000, December 1, 1923.''

Also L. E. Bradley was appointed a committee for Loda Carter.

Soon after the rendition of this judgment, it was proposed that a home, described as the DeWitt-Diamond farm, near Louisa, should be purchased for Loda out of the money or notes thus given her by Roy for her farm. After Loda and her husband had looked over the place and reported they were satisfied with it, it was bought at a price of some $3,500.

In June, 1922, L. L. Barker filed a motion to be substituted as next friend of his wife, Loda, in lieu of Edgar Riffe, her brother-in-law, and also a motion to set aside the consent judgment rendered at the February, 1921, term of court, which were overruled.

Upon an appeal therefrom to this court, the judgment of the lower court was affirmed.

On June 13, 1934, the appellant, Loda Barker, and her husband having then entirely run through and disposed of all of Loda's means and the sale proceeds of the piecemeal disposition made of the 200-acre DeWitt-Diamond farm purchased by them, she filed two suits in equity by her husband, L. L. Barker, as next friend, in the Lawrence circuit court; one, as stated supra, against Roy Carter and the other against Roy Carter and Tip Wheeler, whereby she prayed a cancellation of all the transactions above named, including the deed made by Roy Carter to Tip Wheeler, by which he conveyed him the land conveyed him (Roy Carter) by the appellant, upon the ground of her mental incapacity.

These cases were upon their trial consolidated, when the court thereupon adjudged that the petitions be dismissed.

From that judgment this appeal is prosecuted.

The petition here sought again a partial reversal of the earlier ruling of the court, decided adversely to appellant's contention upon the first appeal, or to the extent the judgment directed a deed of conveyance made by its commissioner of appellant Loda's tract of land to the appellee, Roy Carter, in consideration of his payment of $4,000 to her therefor, but not upon the terms or conditions that she should restore to Carter the purchase price ordered paid therefor.

This right to have canceled the deed directed made Carter of appellant's lands was predicated upon the ground that she was then incapacitated to wisely manage her business affairs or to intelligently make sale of her property, and there was voluminous proof taken to establish her alleged incapacity.

The proof upon this controversial question was of very conflicting and contradictory character, but it was admitted that if the appellant, Loda Barker, were in fact weak-minded, a matter upon which the winesses testified very differently, she had at least never been adjudged to be an incompetent.

The fact that the appellant, Loda Barker, and her three infant children have been deserted by her husband, L. L. Barker, and left destitute, without a home or any means of support, is lamentable, but it is yet not one that justifies us in now giving a favorable response to her appeal, by making a new and different determination of and ruling upon the matters and questions thus presented from that which has been already determined and made upon the first appeal of this cause.

The question presented upon the first appeal was, as appears from the language of the court's opinion, the same as is here presented. She again here contends that the deed made as ordered, by the court's commissioner, in the consent judgment of the appellant's land to Roy Carter, should be canceled upon the ground that she was then a person of unsound mind, and also, for the same reason there should be canceled as well Carter's deed made to Wheeler.

The court, in its opinion rendered upon the first appeal, said:

"Manifestly, the record fails to show that she

[Loda Carter] was of unsound mind, as she had never been judicially declared so, and no evidence was offered on the subject, nor was any such issue raised by the pleadings or parties. The only reference to her mental condition is the bare allegation in the petition that she was of unsound mind. This unsupported allegation made by the next friend is not even sufficient to create a presumption of unsoundness of mind. In the case of Howard v. Howard, 87 Ky. 616, 9 S. W. 411, 10 Ky. Law Rep. 478, 1 L. R. A. 610, this court said:

" 'The law presumes all persons to be of sound mind, and if adults, capable of managing their own affairs; and the mere fact that it is alleged by a person styling himeslf next friend, that a particular individual, who is an adult, is of weak or unsound mind, and not capable of taking care of his own affairs, does not destroy that presumption.'

"Since Loda Carter was not of unsound mind, the plaintiff could not attack the judgment or seek to have it modified or vacated by motion made after the expiration of the term of court at which it was rendered, and the court, therefore, properly overruled the motion."

It must needs follow that the question of appellant's right, here again asserted, to attack this consent judgment rendered at the trial court's February, 1921, term or to seek to have it modified or vacated upon the ground alleged, that she was then of weak mind, having already been adversely decided upon the first appeal, it cannot now be relitigated, as such question is now res adjudicata.

In the case of New Bell Jellico Coal Co. v. Sowders, 162 Ky. 443, 172 S. W. 914, 916, we quoted with approval the following statements of the rule, made in several of our cases, as follows:

"This court said in the case of Dinkelspiel v. Central Kentucky Asylum for Insane et al., 73 S. W. 771, 24 Ky. Law Rep. 2240:

" 'That all questions raised on the former appeal, and that were in the record and might have been presented, must be construed as having been

adjudicated.' That was a case which had been before this court upon a former appeal, as this one.

"In the case of Williams v. Rogers, 14 Bush, 776, upon a second appeal to this court, the appellant undertook to raise the question of the sufficiency of the petition, and this court said:

" 'The question of the sufficiency of the petition cannot now be inquired into. As this was necessarily passed upon on the first appeal, although not adverted to in the opinion, appellant is precluded from again raising the question.' * * *

"In the case of Davis v. McCorkle, (14 Bush 746), 77 Ky. 746, this court said: 'With a view of the convenient dispatch of business, the speedy settlement of disputes, and the repose of society, courts long since established the rule that, when a matter is once put in issue, and is passed upon by a court of competent jurisdiction, it cannot be again litigated by the same parties so long as the former decision continues in force.' And this rule applies not only to the point upon which the court was asked to form an opinion and pronounce judgment, but to every question in the record properly brought before the court."

The question here presented, as to the appellant's right to have the aforesaid agreed judgment (rendered at the February, 1921, term of the trial court) modified or vacated, by adjudging that the deed, directed made by the court's commissioner, of the appellant's land to Roy Carter be canceled upon the ground of her alleged then mental incapacity, being the same as was upon the first appeal decided adversely to the appellant's contention, the determination there made of the question makes it now res adjudicata and constrains us to conclude that the trial court's judgment, in dismissing appellant's petition, was, upon such ground, altogether proper. Therefore, its judgment is affirmed.