**UNITED FUEL GAS COMPANY, Appellant,**

v.

**John C. CLARKE et al., Appellees.**

Court of Appeals of Kentucky.

March 5, 1965.

W. H. Dysard, Dysard, Johnson & Welch, Ashland (C. E. Goodwin; H. L. Snyder, Jr., Charleston, W. Va., of counsel), for appellant.

Thomas E. Phipps, Ashland, for appellees.

WADDILL, Commissioner.

This action was filed by appellant to condemn a right of way across the southeast portion of appellees' farm for the purpose of constructing, operating and maintaining a pipe line for the transmission of gas in and through the Commonwealth of Kentucky. The jury awarded appellees $1,192.50 as the reasonable market value of the easements taken (approximately three acres) and the further sum of $6000 as damages resulting to appellees' adjacent 1125-acre tract.

Several grounds are urged for reversal of the judgment, one of which is that the verdict is based on incompetent and prejudicial testimony.

In substantiating the claim of damage, the trial court, over the objection of appellant, permitted appellees' valuation witnesses to testify that the portion of appellees' farm located near the easements being taken was susceptible of being laid off into eight building lots, each worth $1000. Also, testimony to the effect that the prospective lot values would be adversely affected by the taking and would result in $8000 damage to appellees' farm. Testimony of a similar character was held incompetent and prejudicial in Commonwealth, Dept. of Highways v. Lawton, Ky.,

386 S.W.2d 466, (rendered January 21, 1965) and in Commonwealth, Dept. of Highways v. Evans, Ky., 361 S.W.2d 766. We adhere to the rule set forth in the foregoing cases and hold that the testimony concerning prospective lot values was incompetent and prejudicial in that it resulted in excessive damages being awarded.

■ It is next contended that the court erred in refusing to let a witness testify as to the value of an easement the appellant had formerly acquired from appellees but which was being presently abandoned. The short answer to this contention is that, in the absence of an avowal or other showing as to what the witness would testify to, this Court will not review the question of error. East Kentucky Rural Electric Cooperative Corp., Inc. v. Smith et al., Ky., 310 S.W.2d 535.

Other alleged errors are specifically reserved.

The judgment is reversed with directions to set it aside and to grant appellant a new trial.

HILL, Judge, dissenting.