COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, etc.,
et al., Appellants,

v.

Richard T. OCHSNER et al., Appellees.

Court of Appeals of Kentucky.

July 2, 1965.

E. P. Sawyer, Louisville, County Atty., Edwin A. Schroering, Jr., Louisville, for appellants.

Eugene E. Pendergrass, Marvin J. Sternberg, Louisville, for appellees.

PALMORE, Judge.

This is a condemnation action brought by the state highway department to acquire 9.59 acres of land for the construction of a portion of the Outer Loop Highway in Jefferson County. Pursuant to a jury verdict the owners were awarded $32,000, and the state appeals.

The land affected by the taking was a 154-acre dairy farm situated at the intersection of Urton Lane with English Station Road just south of U. S. Highway 60 near Middletown. The 9.59-acre strip runs north and south across both Urton Lane and English Station Road, leaving a 2.58-acre triangle in the corner of the former intersection to the east and the remainder of the farm to the west. The truncated portions of Urton Lane and English Station Road west of the new road have been joined together by a new roadway along the west edge of the Outer Loop. This gives the appellee landowners some new frontage along this connection, but it faces a high fill on which the Outer Loop has been constructed.

The first claim of error is that the witnesses were allowed to assign per lot values to the property though it had not been developed as a subdivision. See Commonwealth, Dept. of Highways v. Evans, Ky., 361 S.W.2d 766, 771 (1962); United Fuel Gas Co. v. Clarke, Ky., 387 S.W.2d 844 (decided March 5, 1965). The portion of the farm now traversed by the Outer Loop was embraced within "Middletown Heights" subdivision as shown by a plat recorded in 1915. It may be assumed for purposes of discussion that this subdivision never has been developed and could not be developed and sold off in lots until such time in the future as water lines and sewer facilities are available. However, the evidence of which the state complains was not related to the plat. On the contrary, it was directed to (1) past sales of lots fronting on Urton Lane and other comparable locations in the immediate area and (2) the value of lots that were similarly situated on the condemnees' property and were salable on an "as is" basis without further development.

In Commonwealth, Dept. of Highways v. Caudill, Ky., 388 S.W.2d 376, 378 (1965), it was held that if there is a market for the sale of lots off a farm on an "as is" basis it is proper to show what prices have been

paid for similar lots in comparable locations. That is what was done in this case. Witnesses for the Commonwealth admitted that the portions of the property fronting on the roads and lying within the condemned area could have been sold as lots at higher unit prices than were reflected in their evaluations of the farm as a whole, but they discounted the effect of that circumstance by further explaining that the sale of lots off the front would diminish the value of the remainder of the farm in the back. The other evidence in this vein consisted of testimony by the owner showing the prices at which he actually had sold two lots fronting on Urton Lane, by some of his expert witnesses estimating the value of the strip taken in terms of number of such lots destroyed, and by other owners in the neighborhood showing prices at which they had sold similar road frontage lots off larger tracts.

It is our opinion that there was not any impropriety in admitting the evidence pertaining to lot values.

■ The next contention advanced in support of the appeal is that the award was excessive. As usual in condemnation cases, the estimates given by witnesses for the state were much more closely documented by comparable sales than were those given by witnesses for the landowners, but we cannot for that reason say the verdict is not supported by competent evidence and is thus excessive. The expert witnesses for the owners possessed the very highest professional qualifications. One of them, for example, who himself resides in neighboring Middletown, was a director of the Louisville Real Estate Board and chairman of the board of supervisors for Jefferson County. Their testimony ranged from $47,912 to $78,861 for the reduction in value of the property, as against a range of $16,000 to $17,000 in the estimates given by the state's expert witnesses. We are not convinced the award was excessive. Cf.

Commonwealth, Dept. of Highways v. Elizabethtown Amusements, Inc., Ky., 367 S.W.2d 449 (1963).

The third and final claim of error is that the trial court erroneously refused to allow the state to introduce rebuttal testimony to the effect that soundings made by an engineer reveal a layer of rock five feet under the surface of the farm in question, for which reason it is less valuable for use as a residential subdivision.

■ The question of whether this farm was adaptable for residential subdivision was raised during cross-examination of the state's witnesses, all of whom testified to the point and had ample opportunity to say whether and why it was or was not. As a matter of fact, in the course of adducing its evidence in chief the state proved that the 2.59-acre triangle left on the east side of the Outer Loop can be divided into two or three readily marketable building lots. Since the advantages and disadvantages of devoting the affected property to subdivision purposes were under discussion before the landowners put on their evidence, the information regarding the rock formation was not rebuttal evidence, but further evidence in chief. "Rebuttal testimony offered by the plaintiff should rebut the testimony brought out by the defendant and should consist of nothing which could have been offered in chief." 53 Am.Jur. 107 (Trial, § 121).

■ CR 43.02(4) authorizes the trial court to permit the introduction of evidence in chief at the rebuttal stage upon "good reasons in furtherance of justice." There having been no showing of such reasons in this instance, and the evidence offered being non-vital, it is our opinion that there was no abuse of discretion. Cf. New Bell Jellico Coal Co. v. Sowders, 162 Ky. 443, 172 S.W. 914, 917 (1915).

The judgment is affirmed.