FRANTZ, INC., Appellant,

v.

Lyman E. WAGERS et al., Appellees.

Court of Appeals of Kentucky.

Dec. 15, 1972.

S. M. Nash, Jr., Lexington, Rudy Yessin, Frankfort, for appellant.

Daniel N. Brock, Brock, Brock & Bagby, E. R. Denney, Lexington, for appellees.

STEINFELD, Chief Justice.

This is an appeal from a judgment entered following a jury verdict in favor of appellee Wagers in the amount of $43,226.-52. The claim was based upon the negligence of an employee of appellant Frantz in causing a fire as he installed plumbing in an apartment house being erected for appellees. The facts are related in Wagers

v. Frantz, Ky., 445 S.W.2d 453 (1969), in which we reversed a judgment in favor of Frantz. On the current appeal we affirm.

■ Frantz contends that the trial court committed prejudicial error in refusing to admit evidence it proffered to show that the Wagerses were guilty of contributory negligence which would thereby preclude their recovery. In the first opinion, at page 457, we wrote,

"From all the foregoing, we conclude that the defense of contributory negligence is not available to Frantz in the circumstances of this case. It follows, therefore, that the trial court committed prejudicial error in receiving over Wagerses' objection evidence concerning the safety regulations and of their violation by the Wagerses."

*Frantz now argues that this court* "* * * did not intend to preclude Frantz from introducing evidence bearing on the question of contributory negligence in a new trial other than that which it rejected in the first trial, to-wit: contributory negligence based upon the violation of Standards of Safety." In a pretrial order *to regulate the second trial, it was provided:*

"In view of the opinion set out in the case of Lyman E. Wagers, et al. v. Frantz, Inc., 445 S.W.2d 453, the Court will not permit the plaintiff, Frantz, Inc., to introduce testimony for the purpose of proving that the defendants, Lyman E. Wagers and Lois H. Wagers, were guilty of contributory negligence, and the Court will not give an instruction on the defense of contributory negligence."

Frantz says that this order erroneously barred it from introducing proof to show that the Wagerses were guilty of contributory negligence under any circumstances, but even if it did (a question we need not decide), was Frantz prejudiced? What proof would it have offered? There was

no avowal.[1] "* * * In the absence of an avowal or other showing as to what the witness would testify to, this Court will not review the question of error." United Fuel Gas Company v. Clarke, Ky., 387 S. W.2d 844 (1965). Also see Brown v. Smiley, Ky., 428 S.W.2d 217 (1968).

Frantz' employee Currens was using a torch projecting heat at a temperature of several hundred degrees in close proximity to drywall and woodwork, both flammable material, as he installed a plumbing trap. Currens did not discover the fire until his co-worker, who was nearby, called it to his attention. This fellow-employee saw the fire around the paper on the drywall in the same area where Currens was using the torch. Currens used no material which was nonflammable to prevent his use of the torch from causing a fire.

Several qualified witnesses testified that such precautions are in common use to keep the flame off the walls and that if these procedures are followed the fire cannot go inside the wall. Evidence indicated that Currens took no other usual protective measures in that there was no water in the room where he was working and he had no fire extinguisher. Those skilled in this type of work stated that it is unsafe for a person to use a torch of the type Currens was using without having a fire extinguisher present.

■ We find sufficient evidence of probative value to establish negligence. Cf. O'Doherty et al. v. Catonsville Plumbing and Heating Co., Inc., 262 Md. 646, 278 A. 2d 557 (1971); Wilson et al. v. Paul et al., Iowa, 176 N.W.2d 807 (1970); and Reliance Insurance Co. v. Pohlking, 60 Ohio App. 156, 19 N.E.2d 906 (1938).

■ Appellant insists that the verdict was founded wholly on speculation and surmise. It cites many cases and refers to texts which stand for the rule that "* * * in order to impose liability for loss or injury by fire, it must have been

---

1. Re avowals, see CR 43.10 and 7 Kentucky Practice, Clay, p. 29.

proved to have resulted from the negligent or wrongful act complained of." Beatrice Foods Co. v. Chatham, Ky., 371 S.W.2d 17 (1963). We have noted evidence of negligence—the failure of the blowtorch user to use protective material and the absence of readily available means to extinguish the fire, a hazard that reasonably could have been anticipated. In the first appeal we wrote:

> "Currens said that he had just 'got through and laid my torch down, turned it off and put it behind me' when the other workman called his attention to the fire. Currens said he used a screwdriver to knock away some of the smoldering dry-wall paper and in doing so opened a small passageway into the pipe chase containing the already stubbed-in waste pipe."

The circumstances eliminate the type of speculation courts have condemned. We clearly detect sufficient proof of causal connection between the negligent use of the torch and the fire.

The judgment is affirmed.

All concur.

